KATHRYN C. WANNER (Cal. Bar No. 269310)
Email: wannerk@sec.gov
PATRICIA PEI (Cal. Bar No. 274957)
Email: peip@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Gary Y. Leung, Associate Director
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SHILOH LUCKEY,<br><br>　　　　Defendant. | Case No. 2:25-cv-10026-RGK-JC<br><br>**SEC'S OPPOSITION TO DEFENDANT LUCKEY'S APPLICATION FOR STAY (DKT. NO. 14)** |

# I. INTRODUCTION

Defendant Luckey moves for a stay of this civil action on the supposition that this Court must stay the SEC's case just because she is under criminal investigation, and that without a stay, her Fifth Amendment privilege against self-incrimination would be wrongly abridged.[1]  The Court should deny Luckey's request.  First, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995).  Second, because Luckey has not been indicted, the weight of federal court authority adheres to the general principle that "stays are not granted where no indictment has been issued," *SEC v. Blockvest, LLC*, 2019 WL 1510912, *2 (S.D. Cal. 2019), and the Court should do so here.  And finally, "as the agency responsible for enforcing the federal securities laws, the SEC has a significant interest in being able to respond quickly to securities violations and seek prompt judicial redress" because a stay could forestall remedial measures intended to benefit defrauded investors.  *See SEC v. Horwitz*, No. 2:21-cv-02927-CAS-GJSx, 2021 WL 2942231, *4 (C.D. Cal. Jul. 12, 2021).  The SEC therefore requests that the Court deny Luckey's motion in its entirety.

# II. STATEMENT OF FACTS

This SEC civil enforcement action was filed on October 20, 2025.  Dkt. No. 1.  However, Luckey has not been criminally indicted.  *Id.* at 1-2.  Instead, she is the target of a federal criminal investigation, as confirmed on April 2, 2025, when she received a letter from the U.S. Attorney's Office for the Central District of California, confirming the investigation and her status.  *Id.* at Ex. A.  Missing from Luckey's Application however, is any proof concerning the likelihood of timing of any such indictment.  *Id.*  Finally, during the SEC's pre-filing investigation, Luckey already

---

[1] Defendant's "Complaint" at Dkt. No. 14, is construed by this Court as an application for a stay, which Luckey requests "pending resolution of a parallel criminal investigation by the United States Attorney's Office for the Central District of California and the Federal Bureau of Investigation." (the "Application").

1

asserted her Fifth Amendment privilege against self-incrimination during investigative testimony under oath, undercutting her claim that asserting the same privilege now would be detrimental to her defense of any criminal action. Declaration of Kathryn C. Wanner ("Wanner Decl.") at ¶2.

In her Application, Luckey also claims to have met and conferred with the SEC in advance of filing her motion, stating that "[a]s a pro se litigant, Defendant attempted to meet and confer with opposing counsel via email but received no response." Dkt. No. 14 at 3. This is incorrect. Luckey made no such meet and confer effort. Wanner Decl. at ¶ 3. Moreover, upon receipt of the Application, counsel for the SEC contacted Luckey about this misstatement and Luckey confirmed in writing that she had not in fact sought to meet and confer with the SEC in advance of the filing. *Id.* at ¶ 3, Ex. A.

### III. ARGUMENT

Luckey will not face significant prejudice if this action proceeds despite the ongoing criminal investigation. Parallel civil and criminal proceedings are appropriate and constitutional. *See Keating*, 45 F.3d at 324. It is also settled that "[t]he Constitution does not ordinarily require a stay of proceedings pending the outcome of criminal proceedings." *Keating*, 45 F.3d at 324. Rather, "a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id*. (quoting *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)) (internal citations omitted). The proponent of a stay has the burden of establishing its need. *SEC v. SHE Beverage Co.*, 2022 WL 17968832, *1 (C.D. Cal. Dec. 22, 2022) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). To meet that burden, Luckey's motion relies solely on a letter advising that she is the target of a criminal investigation, and nothing more.

Courts in the Ninth Circuit generally consider and balance the following factors in making this determination: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay;

(2) the burden on defendant; (3) the convenience of the court in the management of its cases, and its efficient use of judicial resources; (4) the interests of third-parties; and (5) the interest of the public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324-25. All of the factors in the *Keating* balancing test currently weigh in favor of denying Luckey's Application for a stay.

### 1. Plaintiff SEC's Interests Would Be Prejudiced by a Stay

Courts have recognized that the SEC "has a strong interest in proceeding expeditiously to protect investors and remedy violations of the securities laws." *SEC v. Chen*, No. CV1507425RGKJPRX, 2016 WL 7444922, at *2 (C.D. Cal. Apr. 8, 2016). The SEC has an interest in proceeding expeditiously with this litigation, and may be prejudiced by a complete stay of the case, particularly where "there is no way to reliably ascertain when, if ever, an indictment will be returned against [defendant]." *Id.* Over time, evidence may be lost, and the memories of percipient witnesses could fade. *See SEC v. Horwitz*, No. 2:21-CV-02927-CAS-GJSX, 2021 WL 2942231, at *4 (C.D. Cal. July 12, 2021) ("it is also significant that a stay would 'increase the odds that key witnesses may become unavailable, that their memories will fade, and that documents in their possession may be lost"). Most significantly, the SEC has a significant interest in litigating this matter to a conclusion against Luckey without delay so that it may obtain disgorgement from her and the imposition of civil monetary penalties to punish her and deter others from violating the anti-fraud provisions of the federal securities laws.

### 2. Luckey's Alleged Burden of Asserting Her Fifth Amendment Privilege Does Not Justify a Stay

Luckey's principal argument in support of seeking a stay is that denial "would force [her] to choose between self-incrimination and defending herself, creating unconstitutional pressure." Application at 2. Moreover, she claims that "[p]roceeding with civil discovery would severely prejudice [her] Fifth Amendment rights because any discovery response may be used against her in a parallel criminal

case." *Id.* However, as recognized by the *Keating* court, the mere possibility that an adverse inference may be drawn against her is not dispositive. *Keating*, 45 F.3d at 326. Indeed, "many courts have concluded that the threat of adverse inferences does not demand a stay of agency enforcement actions during parallel criminal proceedings." *SEC v. Caramadre*, 717 F. Supp. 2d 217, 222 (D.R.I. 2010); *see also SHE Beverage*, 2022 WL 17968832, *3 ("Thus, while the individual defendants may be subject to adverse inferences if they invoke their Fifth Amendment privilege, this civil action may proceed at the same time as a related criminal proceeding where a stay is not otherwise appropriate."); *SEC v. Boucher*, No. 20-CV-1650 DMS, 2022 WL 17961486, *5 (S.D. Cal. Feb. 8, 2022) (a civil defendant's invocation of his Fifth Amendment privilege against self-incrimination is "a choice that he is free to make, but not one that entitles him to a stay").

The Ninth Circuit has spoken clearly on stays absent an indictment, finding the case for staying civil proceedings is "a far weaker one" when "[n]o indictment has been returned [, and] no Fifth Amendment privilege is threatened." *FSLIC v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 2009) (quoting *SEC v. Dresser Indus.*, 628 F.2d 1328, 1376 (D.C. Cir. 1980)). Following *Molinaro*, the decisional authority in this circuit is replete with rulings in SEC cases adhering to the general principle that "stays are not granted where no indictment has been issued." *Blockvest*, 2019 WL 1510912, *2 ("Generally, stays are not granted where no indictment has been issued."); *SEC v. Dobkin*, No. 5:21-cv-09285-EJD, 2022 WL 16924454, *2 (N.D. Cal. Nov. 14, 2022) (same); *SEC v. Global Express Capital Real Estate Inv. Fund*, 289 Fed. App'x 183, 191 (9th Cir. 2008) (same); *SEC v. Plus Money, Inc.*, No.08-cv-0764 MMA, 2008 WL 11338383, at *3 (S.D. Cal. Dec. 1, 2008) (denying pre-indictment motion to stay action); *SEC v. Chen*, 2016 WL 7444922, at *2 (C.D. Cal. Apr. 8, 2016) (same). Accordingly, the absence of any indictment compels the denial of Luckey's Application under the first *Keating* factor.

Moreover, Luckey has already asserted her Fifth Amendment privilege against

self-incrimination at testimony under oath. Thus, the first *Keating* factor does not tilt towards a stay for this final reason. *See SEC v. Boucher*, No. 3:20-CV-1650-DMS, 2021 WL 5178519, *2 (S.D. Cal. Nov. 8, 2021) (denying stay where defendant had already asserted Fifth Amendment privilege at deposition).

### 3. A Stay Does Not Preserve Judicial Resources

Another factor weighing against a stay is the Court's interest in managing its own calendar. *See Molinaro*, 889 F.2d at 903. "This factor usually weighs against granting a stay because 'the court has an interest in clearing its docket.'" *Braslau*, 2015 WL 9591482, *4 (quoting *Molinaro*, 889 F.2d at 903). Because no criminal charges have been filed, this Court cannot assume that the eventual resolution of any future criminal proceeding will narrow the issues for trial in this civil action. *See SEC v. Turek*, 2010 WL 1994909, at *2 (E.D. Ky. May 19, 2010) ("The court has an interest in judicial efficiency in terms of managing its caseload and cannot predict when the criminal matter would be resolved.") (citations and internal quotations omitted).

### 4. A Stay Is Not in the Interest of Third-Parties and the Public

The public and persons not parties to the civil litigation – the defrauded investors – have an interest in the prompt resolution of this securities law enforcement action, and a stay could forestall remedial measures intended to benefit defrauded investors. *See SEC v. Thrasher*, No. 92-CIV-6987, 1995 WL 456402, at *16 (S.D.N.Y. Aug. 2, 1995) ("[t]he public has a strong interest in federal agency civil enforcement actions").

///
///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court deny defendant Luckey's Application for a stay.

Dated: December 22, 2025

Respectfully submitted,

 */s/ Kathryn C. Wanner*
KATHRYN C. WANNER
PATRICIA PEI
Attorneys for Plaintiff
Securities and Exchange Commission

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    444 S. Flower Street, Suite 900, Los Angeles, California 90071
    Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On December 22, 2025, I caused to be served the document entitled **SEC'S OPPOSITION TO DEFENDANT LUCKEY'S APPLICATION FOR STAY (DKT. NO. 14)** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☒   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☒   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☐   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Date:  December 22, 2025        */s/ Kathryn C. Wanner*
                                     KATHRYN C. WANNER

*SEC v. Shiloh Luckey*
United States District Court—Central District of California
Case No. 2:25-cv-10026-RGK-JC

**SERVICE LIST**

Shiloh Luckey
█████████████████
Inglewood, CA ████
Email: sjohnson0305@icloud.com
***Pro Se***